**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID JORDAN,<br>Plaintiff,<br>v.<br>AHMAR SHAKIR AND D. BOCCA,<br>Defendants. | Civil Action No. 26-3799 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff David Jordan's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") (ECF Nos. 1-1). The Court **grants** Plaintiff's IFP application and orders the Clerk of the Court to file the Complaint.

The Court must now screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Complaint is **dismissed** for failure to state a claim on which relief may be granted.

## I. BACKGROUND[1]

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

Plaintiff is incarcerated at New Jersey State Prison. (ECF No. 1 at 2-3.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against (1) Institutional Medical Provider D. Bocca ("Bocca"), and (2) Orthopedic Surgeon Dr. Ahmar Shakir ("Dr. Shakir"). (*Id*. at 4.)

According to the Complaint, Plaintiff injured his left shoulder in April 2018 and has experienced shoulder pain since then. (*Id.* at 5.) In April 2018, Plaintiff sought medical attention for the injury but was "sent back to [his] housing unit." (*Id.*) After several months of persistent pain, Plaintiff requested to be seen by the "institutional doctor." (*Id.*) A triage nurse downplayed Plaintiff's pain, telling him it was arthritis or tendonitis. (*Id.*)

Approximately three years later, in July 2021, Plaintiff "expressed [his] ongoing issue [his] shoulder to the Institutional Medical Department." (*Id.*) Plaintiff informed the medical staff that he had a bullet in his shoulder "and from that point on it stalled out." (*Id.*) Four months later, Plaintiff filed a complaint and received no result. (*Id.* at 5-6.)

Plaintiff began experiencing pain in both shoulders, due to favoring one side to protect the injured side. (*Id.* at 6.) In September 2024, Plaintiff saw the Institutional Medical Department regarding his shoulder pain and was again told it was arthritis or tendonitis. (*Id.*) In October 2024, Plaintiff submitted another request to be seen by the medical department and was then scheduled to see an orthopedic doctor. (*Id.*) The orthopedic doctor "agree[d] that he would remove the foreign object that [was] lodged in the upper right part of [Plaintiff's] right side of the shoulder (bullet), so that [Plaintiff] should finally get the much needed MRI of [his] left side." (*Id.*) On February 26, 2025, Plaintiff had the surgery. (*Id.*) Plaintiff had an MRI approximately four months later. (*Id.*) Plaintiff was still experiencing pain and discomfort at his follow up appointment with the orthopedic surgeon, and it was suggested that he wait another two months to see if his pain improved. (*Id.* at 7-8.) In November and December 2025, Plaintiff submitted requests due to

ongoing pain. (*Id.* at 8.) Plaintiff is awaiting another MRI. (*Id.*) Plaintiff seeks monetary compensation.

## II. <u>LEGAL STANDARD</u>

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, *while pro*

*se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

In the Complaint, Plaintiff alleges that Defendants Bocca and Dr. Shakir are liable to him under 42 U.S.C. § 1983 because they were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Failure to State a Claim

#### 1. Personal Involvement- Defendant Bocca

The Complaint names Defendant Bocca, "an institutional medical provider," as a defendant. (ECF No. 1 at 1.) However, Defendant Bocca is not named in the body of the Complaint. Plaintiff fails to include any allegations against Defendant Bocca. (*See generally* ECF No. 1.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.). Plaintiff has failed to allege personal involvement by Defendant Bocca. Thus, any claim against Defendant Bocca is dismissed without prejudice as a matter of law because Plaintiff failed to allege personal involvement. *See Iqbal*, 556 U.S. at 676.

**2. Eighth Amendment Deliberate Indifference to Serious Medical Needs-Defendant Dr. Shakir**

The Complaint raises an Eighth Amendment deliberate indifference to Plaintiff's medical needs claim against Defendant Dr. Shakir. (ECF No. 1 at 6-8.)

To state a claim under 42 U.S.C. § 1983 for the denial of medical care in violation of the Eighth Amendment, a plaintiff must establish that a defendant acting under color of state law showed deliberate indifference to his serious medical needs. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference requires proof that the defendant "knows of and disregards an excessive risk to inmate health or safety," *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)), which constitutes "unnecessary and wanton infliction of pain," *Estelle*, 429 U.S. at 104. A plaintiff can state a claim under the Eighth Amendment by alleging (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need;

and (3) that the deliberate indifference caused harm to the plaintiff. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023).

In the Complaint, Plaintiff alleges that in October 2024, he requested to see a doctor and was scheduled to see Defendant Dr. Shakir.[2] (ECF No. 1 at 7.) On February 26, 2025, Defendant Dr. Shakir performed surgery to remove the bullet from Plaintiff's shoulder. (*Id.*) Seven weeks later, Plaintiff saw Dr. Shakir for a follow up appointment, and Dr. Shakir recommended waiting an additional two months to see whether Plaintiff's pain improved. (*Id.* at 7-8.) These allegations, taken as true, show that once Dr. Shakir examined Plaintiff, performed surgery to remove the bullet from Plaintiff's shoulder, saw Plaintiff for a follow up appointment, and suggested waiting to see if Plaintiff's pain level improved. The Complaint does not plead facts that show Dr. Shakir knew of a risk to Plaintiff's health and was deliberately indifferent to said risk. Accordingly, the Complaint fails to state an Eighth Amendment deliberate indifference claim for relief, and the Court dismisses Plaintiff's claims against Defendant Dr. Shakir without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP (ECF No. 1-1) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** ***without prejudice*** in its entirety. The Court shall give Plaintiff thirty days (30) to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: 10/23/2026

**JULIEN XAVIER NEALS**
United States District Judge

[2] The Complaint alleges that Plaintiff was scheduled to see an "orthopedic doctor." (ECF No. 1 at 7.) The Complaint names Defendant Dr. Shakir as an orthopedic surgeon. (*Id.* at 4.) As such, the Court construes the facts alleged against the "orthopedic doctor," as being raised against Defendant Dr. Shakir.